# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MONTEREY RESEARCH, LLC** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 20-0089** |
| **v.** | : | |
| | : | |
| **STMICROELECTRONICS, INC.,** *et al*. | : | |
| | : | |
| *Defendants* | : | |

# O R D E R

**AND NOW**, this 16th day of March 2021, upon consideration of Defendants' *motion to stay pending inter partes review*, [ECF 71, 72], Plaintiff's opposition thereto, [ECF 76], and Defendant's reply, [ECF 79], it is hereby **ORDERED** that the motion is **GRANTED**, and this matter is **STAYED** pending the *inter partes* review of the patents-in-suit.[1]

---

[1] In the operative amended complaint, Plaintiff Monterey Research, LLC ("Plaintiff" or "Monterey"), a non-practicing entity focused on monetizing patents it obtained from other companies, asserts claims against Defendants STMicroelectronics N.V., and STMicroelectronics, Inc., ("Defendants" or "STM") for direct and indirect patent infringements premised on Plaintiff's ownership of four (4) patents: the '625 patent, the '805 patent, the '134 patent, and the '951 patent (the "Asserted Patents"). Either STM or one of its co-defendants has filed petitions for *inter partes* review ("IPR") with the United States Patent and Trademark Office, Patent Trial and Appeal Board ("PTAB") challenging claims of each of the Asserted Patents. As of the date of this Order, the PTAB has granted petitions with respect to two of the four patents-in-suit, with two petitions challenging the remaining patents yet to be decided. Defendants seek a stay of this litigation pending the PTAB's decisions with respect to the challenged patents.

Generally, a decision to stay litigation lies within the sound discretion of the court. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). Granting or denying a motion to stay is within the broad discretionary powers of the court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del.1990) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976)). In deciding a motion to stay, the court considers three factors: "(1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set." *Cephalon, Inc. v. Impax Labs., Inc.*, 2012 WL 3867568, at *2 (D. Del. Sept. 6, 2012). Here, on balance, the factors weigh in favor of a stay.

### Undue Prejudice

In determining whether there is undue prejudice, the court weighs a variety of factors, including: "the timing of the request for reexamination, the timing of the request for stay, the status of the reexamination proceedings, and the relationship of the parties." *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011). The mere potential for delay does not in itself establish undue prejudice. *See, e.g., BodyMedia, Inc. v. Basis Sci., Inc.*, 2013 WL 2462105, at *1 (D. Del. Jun. 6, 2013). After considering these three factors, this Court concludes that there is no evidence of undue prejudice. Regarding the timing of the request for reexamination, all of the IPR petitions were filed within a few months of Monterey having filed its operative amended complaint, and before the initial case management conference, substantial discovery disclosures, contention disclosures, or claim construction disclosures and proceedings. Further, the IPR petitions were filed within the one-year timeframe that the statute provides. *See* 35 U.S.C. § 315(b). In addition, the timing of the request for stay suggests no dilatory motive, as Defendants filed the underlying motion to stay less than two months from the PTAB instituting IPRs for the '805 and '134 patents, and only three weeks after this Court granted AMD's motion to stay. The PTAB has granted IPR petitions as to two of the asserted patents (two petitions which challenge the other two patents remain outstanding). The relationship of the parties also favors granting a stay since Plaintiff is a non-practicing entity and does not compete with Defendants. *See AIP Acquisition LLC v. Level 4 Commc'ns, LLC*, 2014 WL 1264200, at *3 (D. Del. Jan. 9, 2014) (holding that because plaintiff was "not a direct competitor" it would not suffer any undue prejudice); *Uniloc 2017 LLC v. Vudu, Inc.*, Civ. A. No. 19-0183, DI 72 at *2 (D. Del. Mar. 26, 2020) ("[B]ecause Plaintiff is a non-practicing entity that does not compete with [defendant] and thus any alleged harm it may suffer is purely monetary, Uniloc will not be unduly prejudiced by a stay."). This factor, therefore, favors a stay.

### Simplification of Issues

A stay is likely to simplify the issues for trial. The PTAB has granted IPR with respect to two of the four asserted patents-in-suit. Should all of the asserted claims be found invalid, this litigation would be "simplified" because it would be concluded. Alternatively, should even some of the asserted claims be found invalid, that finding would reduce the number of issues left to be litigated. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *4 (D. Del. Jul. 2, 2013); *Gioello Enters. Ltd. v. Mattel, Inc.*, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001). Should the claims survive the IPR process, this Court will benefit from the PTAB's expertise and review. *Canatelo LLC v. Axix Commc'ns AB*, 2014 WL 12774920, at *2 n.3 (D. Del. May 14, 2014). Moreover, if some or all of the claims are found not invalid, litigation is likely to be simplified due to the estoppel effect on Defendants of the PTAB findings relating to certain prior art. Thus, the simplification factor favors a stay.

### Stage of Litigation

In considering the stage of litigation, the court considers "whether discovery is complete and whether a trial date has been set." *First Am. Title Ins. Co. v. MacLaren LLC*, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012). Staying a case in its early stages advances judicial efficiency and prevents the court and the parties from expending resources on claims that may be rendered invalid. *See SenoRx, Inc. v. Hologic, Inc.*, 2013 WL 144255, at *5-6 (D. Del. Jan. 11, 2013). Indeed, "stays are favored when the most burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.*, Civ. A. No. 18-1679, D.I. 123 at *2 (D. Del. Jun. 2, 2020). Here, the parties are at the earliest stages of discovery. As such, this factor weighs in favor of a stay.

BY THE COURT:


/s/ Nitza I. Quiñones Alejandro
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

In sum, this Court find that all of the relevant factors weigh in favor of a stay of this litigation. Accordingly, Defendants' motion to stay this matter is granted.